JUDGMENT ACCORDINGLY.

DAVENPORT PLOW COMPANY, APPELLEE, v. C. F. MEWIS & BROTHER, APPELLANTS.

1. **Appeal:** EVIDENCE: PRESUMPTIONS. Although a mortgage attached to a petition seeking its foreclosure may be defective in its execution, yet, upon appeal to the supreme court, if the bill of exceptions is silent as to the introduction in evidence of the instrument itself, it will be presumed that the decree below was based on sufficient evidence.

2. **Mortgage Foreclosure:** PLEADING. In a foreclosure suit it was alleged that C. F. M. & Bro. executed certain notes, and that F. M., "who is the C. F. M. mentioned in the firm of C. F. M. & Bro.," and his wife, gave a mortgage to secure their payment. Personal service was had on both members of the firm. *Held*, sufficient to sustain a decree of foreclosure, and to warrant a judgment for deficiency against the firm after a sale of the mortgaged premises.

3. ————: DECREE. A decree of foreclosure directed the sale of

a tract of land embraced in another decree, and not included in the plaintiff's mortgage, first, and the application of the proceeds to the payment *pro tanto* of the other decree, before any part of the proceeds of the sale of other lands embraced in the decree be applied thereto.  *Held*, no error.

THIS was an action of foreclosure brought in the district court of Stanton county.  A decree was rendered in April, 1877, against the Mewises, and cause continued for the purpose of determining the priorities of lien as between the appellee and Frederick Schellpepper.  At the September term, 1879, of said court, the court decreed the lien of Frederick Schellpepper prior to the mortgage of the Davenport Plow Company; and further decreed that Schellpepper should first sell the property not included in the Davenport Plow Company decree, and apply the same to the satisfaction of his said lien.  To reverse the decree rendered at the April term, 1877, and the decree determining the priorities of liens as between the appellee and the defendant Schellpepper, rendered at the September term, 1879, C. F. Mewis & Bro., Frederick Schellpepper, Emelie Mewis, and C. Fred. Mewis, appeal.

*Uriah Bruner*, for appellant.

The final decree is not only supplemental of the interlocutory decree, but is a modification thereof, and either of the two entries standing alone, being incomplete as a judgment, the two necessarily go together, the interlocutory being merged into the final judgment.    The    interlocutory   decree   made   no   provision  for costs, and can therefore be no final decree.   Freeman on Judgments, 31.   So a decree that is not final as to all of the parties is no final decree. *Id.*, 28.  *St. Clair County v. Livingston,* 18 Wall., 628.

*Martin v. Crow,* 28 Tex., 614. As far as the defendant Schellpepper was concerned, the plaintiff asked that the priorities of liens be determined; but by this decree an order is made for the sale of the north-west quarter of section 1, a description of property not included in the plaintiff's mortgage. The court can go no further than declare a priority of liens, and will leave the plaintiff to his remedies by injunction should Schellpepper seek to enforce his lien, while he has a double security out of which to make the money of his judgment. *Aldrich v. Cooper,* 2 Lead. C. Eq.

The mortgage set out in the plaintiff's petition, upon which said action is predicated, is fatally defective, and is not admissible in evidence to prove its execution. Gen. Stat., 872–4–5, sec. 1, 13, 17. A petition to entitle the plaintiff to recover thereon must state all the facts necessary to show a cause of action against the defendants, and where it is shown by the petition that the indispensable facts relied on for the recovery are inadmissible as proof, the action must fail. *Livesey v. Omaha Hotel,* 5 Neb., 65. There being no statement in the petition to show that possession of the premises was delivered by the alleged mortgagors, and the signing of the mortgage not being attested by a witness, the mortgage is absolutely void as against Mrs. Mewis. *Morrison v. Wilson,* 13 Cal., 498. *Hepburn v. Dubois,* 12 Pet., 345. *Raum v. Chambers,* 22 Mo., 36–54. *Crane v. Reeder,* 21 Mich., 24.

*R. F. Stevenson,* for appellee.

The mortgage is good as between the parties. *White v. Denham,* 16 Ohio, 69. The decree was correct from the fact that lien of the defendant Schellpepper covered other property besides that mentioned in the decree in favor of plaintiff.

COBB, J.

Upon a careful examination of the record in this case, I am satisfied that justice has been done between the parties, and while some of the proceedings are not exactly what I would recommend as the best practice, yet I think the decree can be sustained. The so-called interlocutory judgment, in so far as it goes beyond merely the entering of the default of those defendants who had been served and were actually and legally in default, was not good practice, yet I fail to see wherein it has worked any damage to the appellants.

The plaintiff in his petition sets out a legal mortgage by its legal effect. This was all that was necessary in that respect, and although a copy is attached and referred to as an exhibit, which may tend to show that the original mortgage was not witnessed, I do not think that a general demurrer to the petition could for that cause have been sustained. The bill of exceptions is silent as to the mortgage itself as introduced as evidence, and so, notwithstanding the faulty execution of the mortgage as exhibited, we must presume that the judgment of the court was based upon sufficient evidence.

Counsel for appellant makes the point that no judgment of foreclosure could be properly rendered in this case, because the suit is brought against the mortgagor, C. F. Mewis, in connection with his brother as "C. F. Mewis & Bro." An examination of the petition cannot fail to show that this position cannot be sustained. The title of the cause is, "*Davenport Plow Company, plaintiff, v. C. F. Mewis & Bro, and Frederick Schellpepper and Emelie Mewis, defendants.*" The petition begins—so far as the defendants are concerned—by alleging that "on the first day of June, 1878, the defendants C. F. Mewis & Bro. made and delivered to

the plaintiff their promissory note," etc., and after in like manner setting out the making and delivery of the other notes (making five in all), the petition proceeds: "The defendant Fred. Mewis, who is the C. F. Mewis mentioned in the firm of C. F. Mewis & Bro., and Emelie Mewis, on the 14th day of January, 1875, to secure the payments of said notes, executed and delivered to the plaintiffs their mortgage," etc.

It will thus be seen that while C. F. Mewis & Bro. are declared against as a firm, Fred. Mewis is declared against as an individual. As intimated above, the interlocutory judgment amounts to but little, and after the sale of the mortgaged premises, should there be a deficiency, I think that the record is sufficient to enable the district court to render judgment for it against the proper party, to-wit: the firm originally liable on the notes, and both members of which were personally served with summons. As to that part of the decree which directs the sale of the tract of land which is embraced in the decree now owned by the defendant Schellpepper, and not in the mortgage of appellees, first, and the application of the money arising therefrom to the payment *pro tanto* of Schellpeper's decree, before any part of the proceeds of the sales of the other lands be applied thereto, I think it in strict accord with well known principles of equity jurisprudence.

Story lays it down thus: " The general principle is, that if one party has a lien on or interest in two funds for a debt, and another party has a lien on or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund in the first instance for satisfaction, if that course is necessary for the satisfaction of the claims of both parties." 1 Story's Eq. Jur., § 633.

Upon the whole case I reach the conclusion that

the so-called interlocutory decree is a nullity except so far as the entering ·of the defaults of C. F. Mewis & Bro., Fred. Mewis, and Emelie Mewis is concerned, and that the final decree is substantially correct, and must be affirmed.

JUDGMENT ACCORDINGLY.